**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **MARK SULLIVAN** ) <br> 3758 Northwood Road ) <br> University Heights, Ohio 44118 ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **THE OHIO STATE UNIVERSITY** ) <br> 281 West Lane Avenue ) <br> Columbus, Ohio 43210 ) <br> ) <br> Defendant. ) | **CASE NO.:** <br><br> **JUDGE:** <br><br><br><br> **COMPLAINT** <br><br><br><br> **Plaintiff demands a trial by jury on all issues triable of right by a jury** |

Plaintiff Mark Sullivan (hereinafter "Plaintiff" or "Sullivan") brings this action for damages against Defendant The Ohio State University ("Defendant") for violations of 42 U.S.C. Section 1983, et seq.

## INTRODUCTION

1. Plaintiff Mark Sullivan is a United States citizen and an Ohio resident.

2. Defendant The Ohio State University employed Sullivan from approximately 2015 through 2022.

3. Defendant is a public university in the University System of Ohio and receives funding from the State of Ohio to operate.  It is in Ohio and is a legal entity capable of being sued pursuant to state and federal law.

4. Defendant is a "person" within the meaning of 42 U.S.C. Section 1983 and was at all relevant times the employer of Plaintiff.

5. Defendant operates the Fisher College of Business, where it is liable for acts and omissions taken under its customers, policies, or practices, and is responsible for training and supervising its employees.

6. This is a proceeding for damages to redress the deprivation of free speech under the First Amendment of the U.S. Constitution secured to Plaintiff by 42 U.S.C. Section 1983.

7. A substantial part of the events or omissions giving rise to Plaintiff's claims took place in Columbus, Ohio, and surrounding Ohio counties.

8. Jurisdiction over Plaintiff's claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 1337. Venue in the United States District Court for the Southern District of Ohio is appropriate under 28 U.S.C. § 1391(b). Jurisdiction and venue are proper.

## FACTS APPLICABLE TO ALL CLAIMS

9. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

10. Plaintiff was employed as a Senior Lecturer at the Fisher College of Business from approximately 2015 until his termination in May 2022.

11. At all times relevant hereto, Plaintiff was qualified for the positions and duties in which he was employed or for which he applied or was considered.

12. Plaintiff always performed his responsibilities successfully during his employment.

13. Plaintiff served as a dedicated and competent public service as an employee of Defendant.

14. Plaintiff taught a three credit course titled "Crucial Conversations" during the fall semester in 2021. This course was designed to develop skilled engagement practices in a business environment during times of conflict, including through use of role play, stories, and simulations.

15. Plaintiff's teaching of Crucial Conversations in 2021, was the 49th time that he had taught this award-winning class.

16. Crucial Conversations is a business school course designed to teach students to build skills to handle difficult conversations, develop practical ways to manage disagreement and disappointment in a constructive manner, and create methods for direct conversation to move people and organizations forward.

17. Crucial Conversations is a course in which Plaintiff engaged in educational and instructional speech.

18. Crucial Conversations is a course in which Plaintiff engaged in educational methods including the creation of simulated conflict in the classroom to teach students methods to deal with unexpected situations of conflict in life and in the business environment.

19. In September 2021, Plaintiff began the section of the course that focused on more intensive role playing situations, facilitating intentional conflict with select students to apply and test usefulness of conflict reduction tools.

20. In September 2021, upon information and belief, a student in the course reported Plaintiff's course content as being racially insensitive.

21. On or about September 30, Plaintiff's supervisor informed him that Defendant's Human Resources Department required him to investigate the content of Plaintiff's classroom discussions.

22. On or about February 25, 2022, Plaintiff's supervisor informed Plaintiff that Plaintiff's employment contract would not be renewed.

23. As a lecturer, Plaintiff was subject to Defendant's established employment policies and practices.

24. Defendant's actions and the actions of its employees, officers, and agents were attributable to Defendant, which acted under color of a statute, regulation, or custom of the State of Ohio.

25. Defendant knew or should have known that it was violating Plaintiffs constitutional and contractual rights by:

    a. Subjecting Plaintiff to investigation because of the educational content of his course;

    b. Prohibiting Plaintiff from speaking in a way that is consistent with his beliefs regarding the curriculum of his courses;

    c. Terminating Plaintiff from employment based on his course content and educational speech.

26. Defendant's actions as set forth above, do not serve any legitimate or compelling state interest and are not narrowly tailored to serve any such interests.

## FIRST CAUSE OF ACTION

**(First Amendment Retaliation under 42 U.S.C. Section 1983)**

27. Plaintiff incorporates the allegations from each of the preceding paragraphs.

28. By punishing and terminating Plaintiff for expressing his views in his educational course content, Defendant has retaliated against Plaintiff for exercising his First Amendment rights.

29. When Plaintiff taught Critical Conversations and his other courses, he was engaging in speech related to teaching and scholarship, and engaging in expression the First Amendment protects.

30. Plaintiff's interest, as a lecturer at a public university in teaching and engaging in scholarship outweighs Defendant's interest in this matter.

31. The contours of Plaintiff's rights to speak on matters related to teaching and scholarship were sufficiently and clearly established at the time he exercised them to apprise Defendant that retaliating against him for exercising those rights was unlawful.

32. Defendant knew Plaintiff had engaged in protected speech.

33. Plaintiff's First Amendment protected speech was a substantial or motivating factor in the adverse actions he suffered at Defendant's hands.

34. As a direct and proximate result of Defendant's unlawful activity, Plaintiff has suffered and continues to suffer economic and noneconomic damages for which Defendant is liable, including loss of salary, wages, and benefits, and other terms and conditions of employment, pain and suffering, attorneys' fees, and costs.

35. Defendants' treatment of Plaintiff as described herein were violations of Plaintiff's clearly established right to freedom of speech, protected by the First Amendment to the Constitution of the United States of America, for which Defendants are liable under 42 U.S.C. 1983.

## SECOND CAUSE OF ACTION

**(First Amendment Violation under 42 U.S.C. Section 1983 – Content & Viewpoint Discrimination)**

36. Plaintiff incorporates the allegations from each of the preceding paragraphs.

37. By retaliating against Plaintiff for expressing educational and instructional speech, Defendant has engaged in content and viewpoint discrimination in violation of the First Amendment.

38. Defendant's employment policies require officials to evaluate the content and viewpoint of faculty expression to determine whether it constitutes proper educational and instructional content.

39. Defendant considered the content and viewpoint of Plaintiff's educational speech when it decided to enforce employment policies against him and terminate his employment.

40. As a direct and proximate result of Defendant's unlawful activity, Plaintiff has suffered and continues to suffer economic and noneconomic damages for which Defendant is liable, including loss of salary, wages, and benefits, and other terms and conditions of employment, pain and suffering, attorneys' fees, and costs.

41. Defendants' treatment of Plaintiff as described herein were violations of Plaintiff's clearly established right to freedom of speech, protected by the First Amendment to the Constitution of the United States of America, for which Defendants are liable under 42 U.S.C. 1983.

**PRAYER FOR RELIEF**

Plaintiff Mark Sullivan seeks an amount in excess of $75,000 to fully, fairly and justly compensate him for injury, damage and loss, and respectfully prays that this Court enter judgment in his favor and award him past and future economic and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, liquidated damages, interest, attorneys' fees, expert fees, all fees and costs, and any additional equitable relief that the Court deems appropriate, including, but not limited to, back pay, front pay, reinstatement and promotion.

Respectfully submitted,

*/s/ Daniel P. Petrov*
DANIEL P. PETROV (0074151)
dpetrov@tpgfirm.com

THORMAN PETROV GROUP CO., LPA
20046 Walker Avenue
Shaker Heights, OH 44122
Phone: (216) 621-3500
Fax: (216) 621-3422

*Attorneys for Plaintiff Mark Sullivan*