IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK SULLIVAN,

        Plaintiff,

  v.                                 Civil Action 2:23-cv-3174
                                      Judge Michael H. Watson
                                      Magistrate Judge Jolson

THE OHIO STATE UNIVERSITY,

        Defendant.

## SCHEDULING ORDER

Based upon the Parties' Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Court **VACATES** the Preliminary Pretrial Conference set for November 1, 2023, and **ADOPTS** the following schedule:

INITIAL DISCLOSURES

The parties shall exchange initial disclosures by January 5, 2024.

VENUE AND JURISDICTION

The state has sovereign immunity against claims brought against it pursuant to 42 U.S.C. Section 1983. Defendant will file a motion to dismiss by its answer deadline of December 4, 2023, unless Plaintiff amends his complaint.

Any motion related to venue or jurisdiction shall be filed by December 4, 2023.

PARTIES AND PLEADINGS

Any motion to amend the pleadings or to join additional parties shall be filed by November 27, 2023.

ISSUES

Plaintiff alleges the following two claims against Defendant and has included a jury demand: (1) first amendment retaliation in violation of 42 U.S.C. Section 1983; and (2) first amendment violation under 42 U.S.C. Section 1983 (content and viewpoint discrimination).  Defendant denies that it violated Plaintiff's first amendment rights.

DISCOVERY PROCEDURES

All discovery shall be completed by June 14, 2024.  For purposes of complying with this order, all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and shall file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so.  If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court.  To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call-in number.

Any proposed protective order or clawback agreement shall be filed with the Court by December 8, 2023.  A Word version of the proposed protective order should be sent to jolson_chambers@ohsd.uscourts.gov, and any provision related to sealing must comply with S.D. Ohio Civ. R. 5.2.1.

The Parties propose the following guidelines and limitations regarding the discovery of electronically stored information ("ESI"):

   i.  Disclosure or production of ESI will be limited to data that is reasonably available/accessible to the parties in the ordinary course of business.

   ii. Unless otherwise requested pursuant to Fed. R. Civ. P. 34(b), the parties can exchange responsive and discoverable ESI in TIFF, PDF, DOC, XLS, or in native format.  After initial production, a party desiring electronic documents in native file format must first demonstrate a particularized need for such production.  If the cost is an undue burden, such costs may be subject to allocation by the Court.

   iii. The parties anticipate entering into a clawback agreement and stipulated protective order.  Accordingly, the parties agree that the Inadvertent production of any privileged or otherwise protected ESI or documents shall not be deemed a waiver or impairment of any claim of privilege or protection including but not limited to the attorney-client privilege or work product doctrine immunity.  "Inadvertent" shall be defined as the production of ESI or document(s) that could have been withheld or redacted under a good faith basis to assert a claim of privilege or other protection.  In order for this agreement to apply, the producing party must notify the receiving party as soon as practicable but not later than fifteen (15) business days of the realization of the inadvertent nature of the production. Upon notification from the producing party, the receiving party shall promptly retrieve and return any such material, and the receiving party's counsel shall not use such information for any purpose until further order of the Court.  The parties agree to this obligation regardless of the circumstances of the Inadvertent disclosure, including whether or not any such Inadvertent disclosure was made recklessly or negligently.

   Any analyses, memoranda or notes which were generated based upon such Inadvertently produced information shall be treated as strictly confidential and shall not be used for any purpose unless as agreed upon by the parties or as directed by the Court.  The producing party must also preserve the information until any dispute regarding the ESI or document is resolved.

      iv.    In the interests of economy and swift resolution of any dispute, the scope of the discovery and the form in which ESI is produced may be further limited or modified by agreement by the parties.

The scope of discovery or the format of the production of ESI may be further limited or modified by Court order upon a showing of good cause or undue burden and expense.

DISPOSITIVE MOTIONS

Any dispositive motions shall be filed by August 16, 2024.

EXPERT TESTIMONY

Primary expert reports must be produced by April 1, 2024. Rebuttal expert reports must be produced by May 6, 2024. If the expert is specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(B), unless otherwise agreed to by the parties. If the expert is not specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(C), unless otherwise agreed to by the parties. Pursuant to Fed. R. Civ. P. 26(b)(4)(A), leave of court is not required to depose a testifying expert.

SETTLEMENT

Plaintiff will make a settlement demand by January 5, 2024. Defendants will respond by February 6, 2024. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator for a settlement conference June 2024. In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

OTHER MATTERS

Plaintiff shall submit quarterly disclosures of Plaintiff's attorney's fees to Defendant.

     If the foregoing does not accurately record the parties' agreements, counsel will please immediately make their objection in writing. If any date set in this order falls on a Saturday, Sunday or legal holiday, the date is automatically deemed to be the next regular business day.

IT IS SO ORDERED.


Date: October 25, 2023                      /s/ Kimberly A. Jolson
                                              KIMBERLY A. JOLSON
                                              UNITED STATES MAGISTRATE JUDGE