IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK SULLIVAN, | : | |
| Plaintiff, | : | CASE NO. 2:23-CV-03174 |
| v. | : | JUDGE MICHAEL H. WATSON |
| THE OHIO STATE UNIVERSITY, *et al.* | : | MAGISTRATE JUDGE KIMBERLY A. JOLSON |
| Defendants. | : | |

### DEFENDANT THE OHIO STATE UNIVERSITY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, The Ohio State University (hereafter "OSU"), by and through counsel, respectfully requests that Plaintiff Mark Sullivan's First Amended Complaint be dismissed. This Court lacks jurisdiction to hear these claims as a matter of law and Plaintiff has failed to state a claim upon which relief can be granted. A Memorandum in Support is attached.

Respectfully submitted,

DAVE YOST (0056290)
Ohio Attorney General

*/s/ In Son J. Loving*

IN SON J. LOVING (0084848)
*Trial Counsel*
Senior Assistant Attorney General
DAVID B. STOUFFER (0093972)
Associate Assistant Attorney General
Employment Law Section
615 W. Superior Ave., 11th Floor
Cleveland, Ohio 44113
(614) 644-7257 - Telephone
(614) 752-4677 – Facsimile
ELSReview@OhioAGO.gov

WENDY K. CLARY (0077775)
Principal Assistant Attorney General
Employment Law Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7257 - Telephone
(614) 752-4677 – Facsimile
ELSReview@OhioAGO.gov

*Counsel for Defendants*

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

Plaintiff Mark Sullivan has filed a First Amendment retaliation claim and a First Amendment content/viewpoint discrimination claim utilizing 42 U.S.C. § 1983 against OSU. Plaintiff filed an Amended Complaint on December 1, 2023. The Amended Complaint names five new individual defendants in addition to OSU. Plaintiff's claims against OSU are improper due to this Court lacking jurisdiction over Plaintiff's two claims. Furthermore, Plaintiff's claims against OSU should fail as a matter of law because OSU, as an arm of the State of Ohio, enjoys sovereign immunity under the Eleventh Amendment to the U.S. Constitution. Therefore, OSU respectfully requests that Plaintiff's Amended Complaint be dismissed in its entirety as to OSU.

**II.    ALLEGED FACTS**

Plaintiff was employed at OSU's Fisher College of Business as a Senior Lecturer from approximately 2015 until May 2022. (Doc. #14, First Amended Complaint, ¶ 15). Plaintiff taught a course titled "Crucial Conversations" (hereafter "the Course") during the fall semester of 2021. (*Id.* at ¶ 19). The Course was designed to develop communication and engagement practices during periods of conflict. (*Id.*). The Course utilized role play, stories, and simulations as pedagogical devices. (*Id.*). Plaintiff alleges that he engaged in educational and instructional speech in teaching the Course. (*Id.* at ¶ 22).

Starting in or around September 2021, Plaintiff began teaching a section of the Course where it focused on more "intensive" role playing situations, facilitating intentional conflict with select students to apply and test the usefulness of conflict reduction methods. (*Id.* at ¶ 24). Also, in or around September 2021, a student complained that the Course content was racially insensitive. (*Id.* at ¶ 25). Plaintiff's supervisor informed him that an investigation into the Course's content would take place, per a request from OSU's HR Department. (*Id.* at ¶ 26). Plaintiff was

3

informed by his supervisor on or around February 25, 2022, that his employment contract would not be renewed. (*Id.* at ¶ 27).

## III. LAW AND ARGUMENT

### A. Standard of Review

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). OSU makes a facial attack on subject matter jurisdiction. A facial attack challenges the sufficiency of the pleading itself. Where the 12(b)(1) motion presents a facial attack, a court accepts material allegations in the complaint as true and construes them in the light most favorable to the nonmoving party, similar to the standard for a 12(b)(6) motion. *Id.* at 598 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)). Importantly, under 12(b)(1), "[w]hen a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (citations omitted).

Subject matter jurisdiction "involves a court's power to hear a case . . .". *Arrambide v. Hudson*, No. 1:08-cv-0065, 2010 U.S. Dist. LEXIS 90727, at *17 (S.D. Ohio July 23, 2010) (citing *U.S. v. Cotton*, 535 U.S. 625, 626 (2002)). A defendant may attack a court's subject matter jurisdiction at any time. *Arrambide*, supra.

A court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if a plaintiff fails to state a claim upon which relief may be granted. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain facts that "state a claim to relief that is plausible on its face" and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007);

4

*see also Iqbal*, 556 U.S. at 678. A complaint must thus "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable theory." *Eidson v. Tenn. Dep't of Children's Servs.,* 510 F.3D 631, 634 (6th Cir. 2007).

In assessing the sufficiency or plausibility of a claim, courts "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh,* 487 F.3D 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Guzman v. U.S. Dep't of Homeland Sec.*, 679 F.3D 425, 429 (6th Cir. 2012.)

> **B.** **OSU, being an arm of the State of Ohio, enjoys sovereign immunity against claims brought against it under 42 U.S.C. § 1983.**

The Eleventh Amendment of the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State[.]" U.S. CONST. amend. XI. The Eleventh Amendment, thus, is a jurisdictional bar that precludes lawsuits filed in federal court against a State or one of its departments or agencies, subject to a few limited exceptions. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1045-46 (6th Cir. 2015). A plaintiff may directly sue a State in federal court only where the State consents to suit or the case concerns a statute passed by Congress, pursuant to Section 5 of the Fourteenth Amendment, that has abrogated the State's sovereign immunity. *Alden v. Maine*, 527 U.S. 706, 755-56 (1999). In other words, a State may only be sued in its own name when a State waives its Eleventh Amendment immunity or Congress properly overrides that immunity. *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985). "This jurisdictional bar applies regardless of the nature of the relief

5

sought." *Pennhurst*, 465 U.S. at 101. OSU is a public university in the State of Ohio. *See* Ohio Rev. Code § 3345.011 and Ohio Rev. Code Chapter 3335. Importantly, OSU is an arm of the State for purposes of the Eleventh Amendment. *See Dehen v. Ohio State Univ.*, No. 2:23-cv-517, 2023 U.S. Dist. LEXIS 132477, at *4 (S.D. Ohio June 5, 2023) (concluding OSU is properly considered an arm of the State for purposes of Eleventh Amendment immunity) (Watson, J.).

Section 1983 of Title 42, United States Code, provides in relevant part:

> Every *person* who, under color of any statute … of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.] (Emphasis added).

"Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). The Eleventh Amendment bars such suits, unless the State has waived its immunity or Congress has acted to override that immunity. *Id.* Courts have established that Ohio has not waived its sovereign immunity, and that Congress did not disturb states' Eleventh Amendment immunity when it passed 42 U.S.C. § 1983. *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992); *Mackey v. Cleveland State Univ.*, 837 F. Supp. 1396, 1403 (N.D. Ohio 1993). Moreover, it is well-settled law that a State is not a "person" within the meaning of 42 U.S.C. § 1983. *Will*, 491 U.S. at 64.

In this case, Plaintiff has utilized 42 U.S.C § 1983 to bring both a First Amendment retaliation claim and a First Amendment content/viewpoint discrimination claim against OSU. As detailed above, such claims are precluded as a matter of law because OSU enjoys sovereign immunity against claims brought under § 1983. Moreover, OSU is not a "person" eligible to be sued under § 1983, since it is merely an arm of the State of Ohio. *Id.*

## IV. CONCLUSION

For the foregoing reasons, Defendant OSU respectfully requests that Plaintiff Mark Sullivan's First Amended Complaint be dismissed.

        Respectfully submitted,

        DAVE YOST (0056290)
        Ohio Attorney General

        ***/s/ In Son J. Loving***

        IN SON J. LOVING (0084848)
        *Trial Counsel*
        Senior Assistant Attorney General
        DAVID B. STOUFFER (0093972)
        Associate Assistant Attorney General
        Employment Law Section
        615 W. Superior Ave., 11th Floor
        Cleveland, Ohio 44113
        (614) 644-7257 - Telephone
        (614) 752-4677 – Facsimile
        ELSReview@OhioAGO.gov

        WENDY K. CLARY (0077775)
        Principal Assistant Attorney General
        Employment Law Section
        30 East Broad Street, 16th Floor
        Columbus, Ohio 43215
        (614) 644-7257 - Telephone
        (614) 752-4677 – Facsimile
        ELSReview@OhioAGO.gov

        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

This will certify that the foregoing *Defendant The Ohio State University's Motion to Dismiss Plaintiff's First Amended Complaint* was filed electronically on January 5, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ In Son J. Loving*

IN SON J. LOVING (0084848)
*Trial Counsel*
Senior Assistant Attorney General