IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK SULLIVAN, | : | |
| Plaintiff, | : | CASE NO. 2:23-CV-03174 |
| v. | : | JUDGE MICHAEL H. WATSON |
| THE OHIO STATE UNIVERSITY, *et. al.*, | : | MAGISTRATE JUDGE KIMBERLY A. JOLSON |
| | : | |
| Defendant. | | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), Defendants Anil Makhija, Robert Lount, Bennett Tepper, Jennifer McLendon, and William Watercutter (incorrectly named as "William Wattercutter") (collectively "Individual Defendants"), by and through counsel, respectfully move this Court to dismiss Plaintiff Mark Sullivan's ("Plaintiff") First Amended Complaint. The grounds for this Motion are set forth in the attached Memorandum in Support.

Respectfully submitted,

DAVE YOST (0056290)
Ohio Attorney General

*/s/ In Son J. Loving*

IN SON J. LOVING (0084848)
*Trial Counsel*
Senior Assistant Attorney General
DAVID B. STOUFFER (0093972)
Associate Assistant Attorney General
Employment Law Section
615 W. Superior Ave., 11th Floor
Cleveland, Ohio 44113
(614) 644-7257 – Telephone
(614) 752-4677 – Facsimile
ELSReview@OhioAGO.gov

WENDY K. CLARY (0077775)
Principal Assistant Attorney General
Employment Law Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7257 – Telephone
(614) 752-4677 – Facsimile
ELSReview@OhioAGO.gov

*Counsel for Defendants*

**MEMORANDUM IN SUPPORT**

I.    **INTRODUCTION**

Plaintiff, a former Lecturer at The Ohio State University ("OSU"), alleges that his First Amendment rights were violated when OSU failed to renew his teaching contract. At the crux of Plaintiff's argument is his contention that he was retaliated against for exercising his right to freedom of speech. Despite this contention, nowhere in his Amended Complaint does Plaintiff allege facts sufficient to establish that he engaged in protected speech.

As discussed below, Plaintiff's First Amendment claims fail in their entirety because: (i) the Eleventh Amendment bars Plaintiff's claims against the Individual Defendants in their official capacities; (ii) Plaintiff fails to plead facially plausible claims for relief; and (iii), the Individual Defendants are entitled to qualified immunity. For these reasons, the Court should dismiss Plaintiff's Amended Complaint as a matter of law.

II.   **BACKGROUND**

Plaintiff is a former Lecturer at OSU's Fisher College of Business. (Amended Complaint, ECF No. 14 at ¶ 15). During the Fall 2021 semester, Plaintiff taught a course titled "Crucial Conversations" (hereafter "the Course"). (*Id.* at ¶ 19). Plaintiff claims the Course was "designed to teach students to build skills to handle difficult conversations, develop practical ways to manage disagreement and disappointment in a constructive manner, and create methods for direct conversation to move people and organizations forward." (*Id.* at ¶ 21). In September 2021, a student complained the Course content was "racially insensitive and offensive." (*Id.* at ¶ 25). Plaintiff's supervisor informed him that an investigation would take place. (*Id.* at ¶ 21). On or around February 25, 2022, Plaintiff was informed that his employment contract would not be renewed. (*Id.* at ¶ 22). This lawsuit followed.

3

On September 28, 2023, Plaintiff filed his original Complaint against OSU. (Complaint, ECF No. 1). On December 1, 2023, Plaintiff filed an Amended Complaint naming Makhija, Lount, Tepper, McLendon, and Watercutter as additional defendants. (Amended Complaint, ECF No. 14). Plaintiff sued Makhija, Lount, Tepper, and Watercutter in both their official and personal capacities. (*Id.* at PageID 34). Plaintiff sued McLendon in her official capacity only. (*Id.*) On January 5, 2024, OSU filed a Motion to Dismiss. (Motion to Dismiss, ECF No. 30). On January 22, 2024, Plaintiff filed a Notice of Non-Opposition to OSU's Motion to Dismiss. (Notice, ECF No. 31). On January 23, 2024, the Court granted OSU's Motion to Dismiss. (Order, ECF No. 32).

Plaintiff's Amended Complaint asserts the following claims against all Defendants: First Amendment Retaliation under 42 U.S.C. § 1983 (Count I) and First Amendment Content & Viewpoint Discrimination under 42 U.S.C. § 1983 (Count II). Plaintiff fails to state a viable claim for relief under § 1983. As such, Plaintiff's Amended Complaint should be dismissed in its entirety.

### III. LAW AND ARGUMENT

#### A. **The Individual Defendants, in their official capacities, are immune from suit for monetary damages under the Eleventh Amendment.**

The Eleventh Amendment is a jurisdictional bar that precludes lawsuits filed in federal court against a State or one of its departments or agencies, subject to a few limited exceptions. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *see also Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1045-46 (6th Cir. 2015). A plaintiff may directly sue a State in federal court only where the State consents to suit or the case concerns a statute passed by Congress, pursuant to Section 5 of the Fourteenth Amendment, that has abrogated the State's sovereign immunity. *Alden v. Maine*, 527 U.S. 706, 755-56 (1999). In other words, a State may only be sued in its own name when a State waives its Eleventh Amendment

immunity or Congress properly overrides that immunity. *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985). Ohio has not waived its sovereign immunity and Congress did not disturb states' Eleventh Amendment immunity when it passed 42 U.S.C. § 1983. *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992); *see also Mackey v. Cleveland State Univ.*, 837 F. Supp. 1396, 1403 (N.D. Ohio 1993). Importantly, OSU is an arm of the State for purposes of the Eleventh Amendment. *See Dehen v. Ohio State Univ.*, No. 2:23-cv-517, 2023 U.S. Dist. LEXIS 132477, at *4 (S.D. Ohio June 5, 2023) (concluding OSU is properly considered an arm of the State for purposes of Eleventh Amendment immunity) (Watson, J.).

Relevant here, "a suit against a State official in his or her official capacity is not a suit against the official but rather it is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, it is no different than a suit against the State itself and is also barred by Eleventh Amendment immunity. *See Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 654 n.8 (6th Cir. 2007) (citing *Will*, 491 U.S. at 71). Additionally, neither a State nor its officials acting in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983. *Will*, 491 U.S. at 71.

The Eleventh Amendment bars claims for monetary damages against State officials in their official capacities. Accordingly, the Individual Defendants move the Court to dismiss all claims against them in their official capacities.

**B.**     **Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983.**

Plaintiff's First Amendment claims do not have the requisite facial plausibility to withstand dismissal. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir. 1996). Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief." To survive a motion to dismiss, a complaint must contain

5

facts that "state a claim to relief that is plausible on its face" and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must thus "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable theory." *Eidson v. Tenn. Dep't of Children's Servs.,* 510 F.3D 631, 634 (6th Cir. 2007).

As detailed below, Plaintiff's failure to plead allegations sufficient to establish that he engaged in protected conduct bars his First Amendment claims. The unadorned allegations and conclusions contained in the Amended Complaint - without any factual context - are insufficient to suggest that Plaintiff is entitled to relief. Viewing the facts in the light most favorable to Plaintiff, the Amended Complaint fails to state a claim for relief under 42 U.S.C. § 1983.

   i. <u>Plaintiff's First Amendment retaliation claim is subject to dismissal.</u>

To survive dismissal of his First Amendment retaliation claim, Plaintiff must demonstrate that: (1) he engaged in protected speech; (2) he suffered an adverse employment action; and (3) the adverse action was motivated in response to his exercise of constitutional rights. *Khatri v. Ohio State Univ.*, 2022 U.S. App. LEXIS 2170, at *7 (6th Cir. 2022) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 723 (6th Cir. 2010)). The first element is dispositive of Plaintiff's retaliation claim.

The Supreme Court has developed a three-part test to evaluate whether a public employee's speech is protected under the First Amendment. A public employee must demonstrate: "(1) that his speech was made as a private citizen, rather than pursuant to his official duties; (2) that his speech involved matters of public concern; and (3) that his interest as a citizen in speaking on the matter outweighed the state's interest, as an employer, in promoting the efficiency of the public

services it performs through its employees." *Crawford v. Columbus State Cmty. College*, 196 F. Supp. 3d 766, 773-774 (S.D. Ohio 2016) (citing *Garcetti v. Ceballos*, 547 U.S. 410, 417-18 (2006)). Where a public employee fails to allege facts sufficient to make this showing, dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate. *Id.* at 774 (citing *Handy-Clay v. City of Memphis*, 695 F.3d 531, 540-41 (6th Cir. 2012)).

Plaintiff fails to allege facts to show that he spoke as a private citizen on a matter of public concern. To the contrary - Plaintiff, by his very own admission - was engaged in "educational and instructional speech." (ECF No. 14 at ¶ 22). Plaintiff further fails to sufficiently plead that his alleged speech touches on a matter of public concern. "Speech involves matters of public concern when it can be fairly considered as relating to any matter of political, social, or other concern to the community, or when it is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public." *Buddenberg v. Weisdack*, 939 F.3d 732, 739 (6th Cir. 2019) (quoting *Lane v. Franks*, 573 U.S. 228, 241, 134 S.Ct. 2369, 189 L.Ed.2d 312 (2014)). In determining whether speech is on a matter of public concern, courts examine the content, form, and context of a given statement. *See Evans-Marshall v. Bd. of Educ.*, 428 F.3d 223, 229 (6th Cir. 2005) (citing *Hardy v. Jefferson Cmty. Coll.*, 260 F.3d 671, 677 (6th Cir. 2001)). Here, it is impossible to determine the "content, form, and context" of what Plaintiff alleges his protected educational/instructional speech was. Plaintiff's failure to identify his speech is dispositive of his First Amendment claims at this stage.

To the extent Plaintiff attempts to argue a violation of his right to academic freedom, the same analysis applies to bar Plaintiff's retaliation claim. *See Dambrot v. Central Mich. Univ.*, 55 F.3d 1177, 1188 (6th Cir. 1995). ("The analysis of what constitutes a matter of public concern and what raises academic freedom concerns is of essentially the same character.") The Amended

Complaint is devoid of any allegations to show that Plaintiff's right to academic freedom was impinged or that his speech touched on a matter of public concern. Moreover, there are no allegations from which one could infer that Plaintiff's interest in speaking on a matter of public concern outweighed any interest the Individual Defendants might have in limiting his speech.

The Court has no information to ascertain whether Plaintiff's speech is constitutionally protected. Thus, Plaintiff cannot allege a violation of the First Amendment. Even if the Amended Complaint contains sufficient facts to show that Plaintiff engaged in protected speech, his retaliation claim still fails. Plaintiff pleads no facts to allege that non-renewal of his contract was motivated in response to his exercise of constitutional rights. Accordingly, the Individual Defendants move the Court to dismiss Count I of Plaintiff's Amended Complaint.

    ii. <u>Plaintiff's First Amendment content and viewpoint discrimination claim is subject to dismissal.</u>

As discussed above, Plaintiff's First Amendment claims fail because Plaintiff does not allege any facts that demonstrate he engaged in constitutionally protected speech. Fatally, Plaintiff does not identify any content or viewpoint he expressed that caused the Individual Defendants to discriminate against him. Plaintiff claims he was terminated for "expressing his views in his educational course content." (Doc. 14, ¶ 33). Plaintiff provides no further detail as to the content he believes rises to the level of protected expression. Additionally, Plaintiff fails to allege sufficient facts to infer that any of the Individual Defendants took retaliatory action because of his viewpoint. Plaintiff's conclusory recitation of the legal elements is insufficient to state a claim for relief under the heightened pleading standard set forth in *Twombly* and *Iqbal*. Accordingly, the Individual Defendants move the Court to dismiss Count II of Plaintiff's Amended Complaint.

### C. Assuming *arguendo* Plaintiff's Amended Complaint states a claim for relief, the Individual Defendants[1] are entitled to qualified immunity.

Plaintiff's claims against the Individual Defendants in their personal capacities fail because these Defendants are entitled to qualified immunity. "Qualified immunity protects government officials performing discretionary functions unless their conduct violates a clearly established statutory or constitutional right of which a reasonable person in the official's position would have known." *Brown v. Lewis*, 779 F.3d 401, 411 (6th Cir. 2015) (quoting *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Whether a state official is entitled to qualified immunity is determined by the "objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Pearson v. Callahan*, 555 U.S. 223, 243–44 (2009) (internal citations omitted).

Plaintiff bears the burden of proof to show the Individual Defendants are not entitled to qualified immunity. *Sheets v. Mullins,* 287 F.3d 581, 586 (6th Cir. 2002). If a defendant raises the affirmative defense of qualified immunity, then the plaintiff "must plead the violation of a clearly established constitutional right." *Roberts v. Ward*, 468 F.3d 963, 967 (6th Cir. 2006) (quoting *Jackson v. Schultz*, 429 F.3d 586, 589 (6th Cir. 2005)). Plaintiff fails to do so. Nor does Plaintiff plead any facts to show that his non-renewal was not objectively reasonable, and Plaintiff is unable to demonstrate otherwise.

It is abundantly clear that no violation of Plaintiff's clearly established constitutional rights can be found under any set of facts alleged in the Amended Complaint. Thus, the Amended Complaint does not contain any allegations which plausibly show that the Individual Defendants

---

[1] The caption of Plaintiff's Amended Complaint indicates that McLendon is sued in her official capacity only. (ECF No. 14 at PageID 34). However, all Individual Defendants, including McLendon, are entitled to qualified immunity.

9

are not entitled to qualified immunity. Accordingly, the Individual Defendants move the Court to dismiss all claims against them in their personal capacities.

## IV.     CONCLUSION

For the foregoing reasons, Defendants Makhija, Lount, Tepper, McLendon, and Watercutter respectfully request the Court dismiss Plaintiff's First Amended Complaint in its entirety.

Respectfully submitted,

DAVE YOST (0056290)
Ohio Attorney General

*/s/ In Son J. Loving*

IN SON J. LOVING (0084848)
*Trial Counsel*
Senior Assistant Attorney General
DAVID B. STOUFFER (0093972)
Associate Assistant Attorney General
Employment Law Section
615 W. Superior Ave., 11th Floor
Cleveland, Ohio 44113
(614) 644-7257 – Telephone
(614) 752-4677 – Facsimile
ELSReview@OhioAGO.gov

WENDY K. CLARY (0077775)
Principal Assistant Attorney General
Employment Law Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7257 – Telephone
(614) 752-4677 – Facsimile
ELSReview@OhioAGO.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

This will certify that the foregoing *Defendants' Motion to Dismiss Plaintiff's First Amended Complaint* was filed electronically on January 23, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ In Son J. Loving*

IN SON J. LOVING (0084848)
*Trial Counsel*
Senior Assistant Attorney General