**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARK SULLIVAN** | ) | **CASE NO.: 2:23-CV-03174** |
| 3758 Northwood Road | ) | |
| University Heights, Ohio 44118 | ) | |
| | ) | **JUDGE MICHAEL H. WATSON** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **ANIL MAKHIJA** | ) | |
| in his individual and official capacity, | ) | |
| The Ohio State University | ) | **SECOND AMENDED COMPLAINT** |
| Fisher College of Business | ) | |
| 2100 Neil Ave. | ) | **Plaintiff demands a trial by jury on** |
| Columbus, OH 43210, | ) | **all issues triable of right by a jury** |
| | ) | |
| **ROBERT LOUNT** | ) | |
| in his individual and official capacity, | ) | |
| The Ohio State University | ) | |
| Fisher College of Business | ) | |
| 2100 Neil Ave. | ) | |
| Columbus, OH 43210, | ) | |
| | ) | |
| **BENNETT TEPPER** | ) | |
| in his individual and official capacity, | ) | |
| The Ohio State University | ) | |
| Fisher College of Business | ) | |
| 2100 Neil Ave. | ) | |
| Columbus, OH 43210, | ) | |
| | ) | |
| **JENNIFER MCLENDON** | ) | |
| in her individual and official capacity, | ) | |
| The Ohio State University | ) | |
| Fisher College of Business | ) | |
| 2100 Neil Ave. | ) | |
| Columbus, OH 43210, | ) | |
| | ) | |
| **WILLIAM WATTERCUTTER** | ) | |
| in his individual and official capacity, | ) | |
| The Ohio State University | ) | |
| Fisher College of Business | ) | |
| 2100 Neil Ave. | ) | |
| Columbus, OH 43210, | ) | |
| | ) | |
| and | | |

|  | ) |
|---|---|
| **UNKNOWN UNIVERSITY PERSONNEL 1-5,** | ) |
| in their individual and official capacities, | ) |
| The Ohio State University | ) |
| Fisher College of Business | ) |
| 2100 Neil Ave. | ) |
| Columbus, OH 43210. | ) |
|  | ) |
| Defendants. | ) |

Plaintiff Mark Sullivan (hereinafter "Plaintiff" or "Sullivan") brings this action for damages against Defendant The Ohio State University ("Defendant") for violations of 42 U.S.C. Section 1983, et seq.

## INTRODUCTION

1.      Plaintiff Mark Sullivan is a United States citizen and an Ohio resident.

2.      The Ohio State University employed Sullivan from approximately 2015 through 2022.

3.      The Ohio State University is a public university in the University System of Ohio and receives funding from the State of Ohio to operate.  It is in Ohio and is a legal entity capable of being sued pursuant to state and federal law.

4.      Defendant Anil Makhija ("Makhija") is the Dean and John W. Berry, Sr. Chair in Business of the Max M. Fisher College of Business, acting under color of state law and exercising supervisory and policy-making authority for the University. Upon information and belief, he approved Sullivan's termination.  He is a "person" under 42 U.S.C. Section 1983.

5.      Defendant Robert Lount ("Lount") is the Chair, Department of Management and Human Resources, acting under color of state law and exercising supervisory and policy-making authority for the University.  He served as Sullivan's direct supervisor and approved Sullivan's termination. He is a "person" under 42 U.S.C. Section 1983.

2

6.　　Defendant Bennett Tepper ("Tepper") is the Senior Associate Dean for Faculty and Research of the Max M. Fisher College of Business, acting under color of state law and exercising supervisory and policy-making authority for the University, and was Sullivan's hiring supervisor. Upon information and belief, Tepper also approved Sullivan's termination. He is a "person" under 42 U.S.C. Section 1983.

7.　　Defendant Jennifer McClendon ("McClendon") is the Human Resources Business Partner of the Max M. Fisher College of Business, acting under color of state law and exercising supervisory and policy-making authority for the University, and upon information and belief, participated in the decision to terminate Sullivan's employment. She is a "person" under 42 U.S.C. Section 1983.

8.　　Defendant William Wattercutter ("Wattercutter") is a Human Resources Consultant of the Max M. Fisher College of Business, acting under color of state law and exercising supervisory and policy-making authority for the University, and participated in the decision to terminate Sullivan's employment. He is a "person" under 42 U.S.C. Section 1983.

9.　　Unknown University Personnel ("Personnel Defendants") were at all relevant times, University employees directly responsible for investigating Sullivan's conduct or participating in the University's decision to terminate his employment, acting under color of state law. They each are a "person" under 42 U.S.C. Section 1983.

10.　　Defendants operate in and hold leadership positions in the Fisher College of Business ("FCOB"), where they is liable for acts and omissions taken under its customs, policies, or practices, and are responsible for training and supervising its employees.

11.　　This is a proceeding for damages to redress the deprivation of free speech under the First Amendment of the U.S. Constitution secured to Plaintiff by 42 U.S.C. Section 1983.

12.     A substantial part of the events or omissions giving rise to Plaintiff's claims took place in Columbus, Ohio, and surrounding Ohio counties.

13.     Jurisdiction over Plaintiff's claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 1337.  Venue in the United States District Court for the Southern District of Ohio is appropriate under 28 U.S.C. § 1391(b).  Jurisdiction and venue are proper.

## FACTS APPLICABLE TO ALL CLAIMS

14.     Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

15.     Plaintiff was employed as a Senior Lecturer at FCOB from approximately 2015 until his termination in May 2022.

16.     At all times relevant hereto, Plaintiff was qualified for the positions and duties in which he was employed or for which he applied or was considered.

17.     Plaintiff always performed his responsibilities successfully during his employment.

18.     Plaintiff served as a dedicated and competent public service as an employee of Defendant.

19.     Plaintiff taught a three credit course titled "Crucial Conversations" during the fall semester in 2021.  This course was designed to develop skilled engagement practices in a business environment during times of conflict, including through use of role play, stories, and simulations.

20.     Plaintiff's teaching of Crucial Conversations in 2021, was the 49th time that he had taught this award-winning class.

21.     Crucial Conversations is a business school course designed to teach students to build skills to handle difficult conversations, develop practical ways to manage disagreement and

4

disappointment in a constructive manner, and create methods for direct conversation to move people and organizations forward.

22.     Crucial Conversations is a course in which Plaintiff engaged in educational and instructional speech.

23.     Crucial Conversations is a course in which Plaintiff engaged in educational methods including the creation of simulated conflict in the classroom to teach students methods to deal with unexpected situations of conflict in life and in the business environment.

24.     In September 2021, Plaintiff began the section of the course that focused on more intensive role playing situations, facilitating intentional conflict with select students to apply and test usefulness of conflict reduction tools.

25.     In September 2021, upon information and belief, a student in the course reported Plaintiff's speech, including in class course and lecture content as being racially insensitive and offensive.

26.     On or about September 30, Plaintiff's supervisor Defendant Lount informed him that the FCOB Human Resources Department, required him to investigate the content of Plaintiff's educational speech and classroom discussions.

27.     On or about February 25, 2022, Lount informed Plaintiff that Plaintiff's employment contract would not be renewed.

28.     As a lecturer, Plaintiff was subject to FCOB's established employment policies and practices.

29.     Defendants' actions and the actions of FCOB employees, officers, and agents were attributable to Defendants, and were taken under color of a statute, regulation, or custom of the State of Ohio.

30.     Defendants knew or should have known that they were violating Plaintiffs constitutional and contractual rights by:

      a.     Subjecting Plaintiff to investigation because of the educational content of his course;

      b.     Prohibiting Plaintiff from speaking in a way that is consistent with his beliefs regarding the curriculum of his courses;

      c.     Terminating Plaintiff from employment based on and in retaliation for his course content and educational speech.

31.     Defendants' actions as set forth above, do not serve any legitimate or compelling state interest and are not narrowly tailored to serve any such interests.

32.     Plaintiff's termination was preventable had Defendants not engaged in illegal conduct in violation of Mr. Sullivan's constitutional, statutory, and legal rights.

## FIRST CAUSE OF ACTION

### (First Amendment Retaliation under 42 U.S.C. Section 1983)

33.     Plaintiff incorporates the allegations from each of the preceding paragraphs.

34.     By punishing and terminating Plaintiff for expressing his views in his academic speech and educational course content, Defendants have retaliated against Plaintiff for exercising his First Amendment rights.

35.     When Plaintiff taught Critical Conversations and his other courses, he was engaging in academic speech related to teaching and scholarship, and engaging in expression the First Amendment protects.

36.     Plaintiff has and had during his employment a right to speak freely as an employee of a public university.

37.    Plaintiff has and had during his employment an established constitutional right to academic freedom and expression in his academic setting.

38.    Plaintiff was engaged in core academic functions, including teaching and scholarship, when he prepared, taught, and spoke at the University, including when doing so regarding the content of his Crucial Conversations course.

39.    Plaintiff was performing his official duties as a teacher and professor when he prepared, taught, and spoke at the University, including when doing so regarding the content of his Crucial Conversations course.

40.    By forbidding Plaintiff from describing his views and disseminating ideas on conflict management, Defendants silenced a viewpoint that could have led to a robust and insightful in-class discussion.

41.    Plaintiff's classroom speech as described in this Complaint related to matters of public concern and advanced ideas transcending his personal interest or opinion that impact the social and political lives of his students and the citizens of the State of Ohio.

42.    Plaintiff's interest, as a lecturer at a public university in teaching and engaging in scholarship outweighs Defendants' interest in this matter.

43.    Plaintiff and his students have an interest in hearing different and contrarian views in the classroom outweighs Defendants' contrary interest in this matter.

44.    The contours of Plaintiff's rights to speak on matters related to teaching and scholarship were sufficiently and clearly established at the time he exercised them to apprise Defendants that retaliating against him for exercising those rights was unlawful.

45.    Defendants knew Plaintiff had engaged in protected speech.

46.     Defendants were aware of Plaintiff's clearly established constitutional rights and were deliberately indifferent to those rights.

47.     Plaintiff's First Amendment protected speech was a substantial or motivating factor in the adverse actions he suffered at Defendants' hands.

48.     As a direct and proximate result of Defendants' unlawful activity, Plaintiff has suffered and continues to suffer economic and noneconomic damages for which Defendants are liable, including loss of salary, wages, and benefits, and other terms and conditions of employment, pain and suffering, attorneys' fees, and costs.

49.     Defendants' treatment of Plaintiff as described herein were violations of Plaintiff's clearly established right to freedom of speech, protected by the First Amendment to the Constitution of the United States of America, for which Defendants are liable under 42 U.S.C. 1983.

## SECOND CAUSE OF ACTION

### (First Amendment Violation under 42 U.S.C. Section 1983 – Content & Viewpoint Discrimination)

50.     Plaintiff incorporates the allegations from each of the preceding paragraphs.

51.     By retaliating against Plaintiff for expressing educational and instructional speech, Defendants have engaged in content and viewpoint discrimination in violation of the First Amendment.

52.     Defendants' employment policies and the policies of FCOB require officials including Defendants to evaluate the content and viewpoint of faculty expression to determine whether it constitutes proper educational and instructional content.

53.     Defendants considered the content and viewpoint of Plaintiff's educational speech when they decided to enforce employment policies against him and terminate his employment.

54.     The contours of Plaintiff's rights to speak on matters of education consistent with his viewpoint were sufficiently and clearly established at the time he exercised them to apprise Defendants that retaliating against him for exercising those rights was unlawful.

55.     Defendants knew Plaintiff had engaged in protected speech by sharing his content and viewpoint during his academic work.

56.     Defendants were aware of Plaintiff's clearly established constitutional rights and were deliberately indifferent to those rights.

57.     Plaintiff's First Amendment protected speech was a substantial or motivating factor in the adverse actions he suffered at Defendants' hands.

58.     As a direct and proximate result of Defendants' unlawful activity, Plaintiff has suffered and continues to suffer economic and noneconomic damages for which Defendants are liable, including loss of salary, wages, and benefits, and other terms and conditions of employment, pain and suffering, attorneys' fees, and costs.

59.     Defendants' treatment of Plaintiff as described herein were violations of Plaintiff's clearly established rights to freedom of speech and academic expression, protected by the First Amendment to the Constitution of the United States of America, for which Defendants are liable under 42 U.S.C. 1983.

## **PRAYER FOR RELIEF**

Plaintiff Mark Sullivan seeks an amount in excess of $75,000 to fully, fairly and justly compensate him for injury, damage and loss, and respectfully prays that this Court enter judgment in his favor and award him past and future economic and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, liquidated damages, interest,

attorneys' fees, expert fees, all fees and costs, and any additional equitable relief that the Court

deems appropriate, including, but not limited to, back pay, front pay, reinstatement and promotion.

Respectfully submitted,

*/s/ Daniel P. Petrov*
DANIEL P. PETROV (0074151)
dpetrov@tpgfirm.com

THORMAN PETROV GROUP CO., LPA
20046 Walker Road
Shaker Heights, OH 44122
Phone: (216) 621-3500
Fax: (216) 621-3422

*Attorneys for Plaintiff Mark Sullivan*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 20, 2024, a copy of the foregoing was filed electronically through the Court's electronic filing system.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, via electronic mail.  Parties may access this filing through the Court's system.

*/s/ Daniel P. Petrov*
*Attorney for Plaintiff Mark Sullivan*