# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Mark Sullivan,

    Plaintiff,

    v.

The Ohio State University, *et al.*,

    Defendants.

Case No. 2:23-cv-3174

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Anil Makhija, Robert Lount ("Lount"), Bennett Tepper, Jennifer McLendon, and William Watercutter (collectively, "Defendants") move to dismiss Mark Sullivan's ("Plaintiff") Complaint. ECF No. 38. For the following reasons, the motion is **GRANTED**.

## I. FACTS[1]

Starting in 2015, Plaintiff was a senior lecturer at The Ohio State University Max M. Fisher College of Business (the "Business School"). Sec. Am. Compl. ¶ 15, ECF No. 36. In the Fall 2021 semester, Plaintiff taught a course called "Crucial Conversations" (the "Course") which is designed to teach students how to manage difficult conversations and disagreements. *Id.* ¶¶ 19–21. In September 2021, a student reported Plaintiff's speech as racially insensitive and offensive, including some of Plaintiff's course and lecture content (the "Speech").

---

[1] The Court accepts Plaintiff's factual allegations as true for the purposes of Defendants' motion. *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022) (citation omitted).

*Id.* ¶ 25. Later that month, Lount, who was the chair of the "Department of Management and Human Resources," told Plaintiff that the Business School was required to investigate the Speech (the "Investigation"). *Id.* ¶ 26. In February 2022, Lount told Plaintiff that the Business School would not renew Plaintiff's employment contract. *Id.* ¶ 27.

Based on these facts, Plaintiff alleges that Defendants violated his rights under the First Amendment. *Id.* ¶¶ 33–59.

## II.    STANDARD OF REVIEW

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). At the motion-to-dismiss stage, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Warner*, 27 F.4th 461, 466 (6th

Cir. 2022) (internal quotation marks and citations omitted).  However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

## III.    ANALYSIS

Defendants move to dismiss Plaintiff's claims.  Mot., ECF No. 38. Although Plaintiff purports to bring two types of First Amendment claims, both claims are First Amendment retaliation claims.  Sec. Am. Compl. ¶¶ 33–59, ECF No. 36.  That is, in both claims, Plaintiff alleges Defendants retaliated against him for the Speech.  *Id*.; *see id*. ¶ 51 (alleging that Defendants engaged in viewpoint discrimination when "by retaliating against Plaintiff for expressing educational and instructional speech").

To state a claim for First Amendment retaliation, a plaintiff must allege:

(1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and [] (3) the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 723 (6th Cir. 2010).

Plaintiff fails to state a claim against Defendants.  Plaintiff alleges, at least arguably, that he engaged in protected conduct (the Speech)[2], suffered an

_____

[2] Defendants argue that the Speech is not protected conduct, relying on the *Garcetti* doctrine.  Mot. 8–10, ECF No. 38.  Because the Court concludes that Plaintiff fails to state a claim for other reasons, it need not decide whether the Speech is protected conduct.

adverse action (the non-renewal)[3], and that Defendants participated in that adverse action.  Sec. Am. Compl. ¶¶ 5, 19–27, ECF No. 36.  But Plaintiff does not plausibly allege that the Speech motivated Defendants to not renew Plaintiff's contract.

In support of causation, Plaintiff first alleges that about five months passed from the Speech to his non-renewal (or, at least when Plaintiff was told of the non-renewal; Plaintiff offers no allegations about when the decision to not renew happened).  *See Taylor v. Ross*, No. 2:17-CV-85, 2019 WL 2256822, at *3 (W.D. Mich. Jan. 23, 2019), *report and recommendation adopted sub nom. Taylor v. Woods*, No. 2:17-CV-85, 2019 WL 1146690 (W.D. Mich. Mar. 13, 2019) ("The Sixth Circuit has held that a temporal proximity of 'two to five months' between protected conduct and adverse action is insufficient to satisfy the causation element on its own." (quotation marks and citation omitted)); *cf. Benison v. Ross*, 765 F.3d 649, 661 (6th Cir. 2014) ("[A] lag time of more than six months between protected conduct and an adverse action does not permit a strong causal inference.").

---

[3] To the extent that Plaintiff argues that the Investigation was an adverse action, he does not state a claim based on the same.  Even assuming the Investigation could be an adverse action, Plaintiff offers only a generalized, conclusory allegation that Defendants "subjected him" to the Investigation.  Sec. Am. Compl. ¶ 30, ECF No. 36. Plaintiff offers no factual allegations to support this conclusory allegation and does not allege what role, if any, each Defendant played in the Investigation.  *See generally*, *id.* These conclusory allegations do not plausibly allege that Defendants used the Investigation to retaliate against Plaintiff for the Speech.

The only other non-conclusory allegation that might go to causation is that Defendants knew about the protected conduct.  *See, e.g.*, Sec. Am. Compl. ¶¶ 26, 45 ECF No. 36.  However, the mere fact that Defendants knew about the speech is not enough to plausibly allege that, when Defendants approved Plaintiff's nonrenewal several months after the Speech, they did so because of the Speech.  *Cf. Hillman v. Shelby Cnty.*, No. 05-2052-STA-TMP, 2012 WL 1014979, at *12 (W.D. Tenn. Mar. 23, 2012), *aff'd*, 515 F. App'x 365 (6th Cir. 2013) (explaining, in a Title VII case, that "mere knowledge [of protected conduct], without more, would be insufficient to satisfy Plaintiff's causation burden").  Accordingly, Plaintiff fails to state a claim against Defendants.

## IV.    CONCLUSION

For these reasons, Defendants' motion is **GRANTED**.  Plaintiff's claims against Defendants are **DISMISSED WITHOUT PREJUDICE**.  Plaintiff is **ORDERED** to show cause **WITHIN FOURTEEN DAYS** why the claims against "Unknown University Personnel 1–5" should not be dismissed for the reasons outlined in this Opinion and Order.

If Plaintiff can fix the deficiencies outlined in this Opinion and Order, Plaintiff may file a Third Amended Complaint **WITHIN TWENTY-ONE DAYS**. That said, Plaintiff is **CAUTIONED** that, as he has already filed three Complaints, this opportunity to amend will be his last.  The Third Amended Complaint must allege, in detail, the content of the Speech.

The Clerk shall terminate ECF No. 38.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**