**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MARK SULLIVAN, | : | |
| Plaintiff, | : | CASE NO. 2:23-CV-03174 |
| v. | : | JUDGE MICHAEL H. WATSON |
| THE OHIO STATE UNIVERSITY, *et. al.*, | : | MAGISTRATE JUDGE KIMBERLY A. JOLSON |
| | : | |
| Defendants. | | |

**DEFENDANTS ANIL MAKHIJA, ROBERT LOUNT, BENNETT TEPPER, JENNIFER MCLENDON, AND WILLIAM WATERCUTTER'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

**I.   INTRODUCTION**

Defendants Anil Makhija, Robert Lount, Bennett Tepper, Jennifer McLendon, and William Watercutter (collectively, "Defendants"), by and through counsel, respectfully submit this Reply in Support of their Motion to Dismiss. Plaintiff Mark Sullivan ("Plaintiff") was granted leave to file a Third Amended Complaint with the caveat that his amendment must fix the deficiencies outlined in the Court's June 17, 2024 Opinion and Order granting Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. (ECF No. 48) (hereinafter "Opinion").

As fully discussed by Defendants in their Motion to Dismiss (ECF No. 53) (hereinafter "Motion"), the deficiencies in Plaintiff's prior complaints are not corrected in the operative complaint. Specifically, Plaintiff's Third Amended Complaint (1) fails to plausibly allege that each Defendant personally deprived Plaintiff of a constitutional right as required under § 1983; (2) fails to plausibly allege that Plaintiff engaged in conduct protected by the First Amendment; (3) fails to plausibly allege that Plaintiff's employment contract was not renewed due to Plaintiff's alleged protected conduct; and (4) fails to state a claim for content and viewpoint discrimination based on

allegations of retaliation and not restriction. Nothing in Plaintiff's Opposition (ECF No. 57) (hereinafter "Opposition") effectively refutes Defendants' arguments. Notably, the contra arguments contained in Plaintiff's Opposition entirely ignore this Court's previous conclusions regarding the sufficiency of Plaintiff's allegations.

Plaintiff claims Defendants ask this Court to "ignore the facts set forth in Plaintiff's Third Amended Complaint." (Opposition p. 3, ECF No. 57). To the contrary, Defendants ask this Court to take heed to the fact that after three amendments, Plaintiff again fails to allege sufficient facts from which this Court can infer that Defendants are liable for the misconduct claimed by Plaintiff. Thus, Plaintiff's Third Amended Complaint cannot withstand Defendants' renewed request for dismissal under Fed. R. Civ. P. 12(b)(6).[1]

## II. LAW AND ARGUMENT

### A. **Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983 because his Third Amended Complaint does not allege that each Defendant was personally involved in unconstitutional misconduct.**

To prevail on a 1983 claim against Defendants in their individual capacities, Plaintiff must sufficiently allege that each Defendant was personally involved in a constitutional violation against him. *McDaniel v. Chambers-Smith*, No. 2:22-cv-3802, 2024 U.S. Dist. LEXIS 102219, at *5 (S.D. Ohio 2024). This is because "government officials may be held liable only 'for their own illegal acts.'" *Id.* at *6 (quoting *Kovalchuk v. City of Decherd, Tennessee,* 95 F.4th 1035, 1038) (internal citation omitted). In Plaintiff's Opposition, Plaintiff baselessly claims the following allegations contained in his Third Amended Complaint specifically allege each Defendant's personal involvement in unconstitutional conduct (Opposition p. 13, ECF No. 57):

---

[1] Plaintiff acquiesces in dismissal of his official capacity claims against Defendants under Fed. R. Civ. P. 12(b)(1). Plaintiff's individual capacity claims remain and fail for the reasons fully described in Defendants' Motion and restated herein.

- Defendant Anil Makhija was the Dean and John W. Berry Sr. Chair in Business of the Max M. Fisher College of Business and he approved of Plaintiff's termination.

    o Notably, Plaintiff's Third Amended Complaint states that Defendant Anil Makhija, "**[u]pon information and belief** [] approved Sullivan's termination." (Third Am. Compl. ¶ 4, ECF No. 50) (emphasis added).

- Defendant Robert Lount served as Plaintiff's direct supervisor, and he approved of Plaintiff's termination.

- Defendant Bennett Tepper was Plaintiff's hiring supervisor and he approved of Plaintiff's termination.

    o Notably, Plaintiff's Third Amended Complaint states that Defendant Bennett Tepper, "**[u]pon information and belief,** [] also approved Sullivan's termination." (*Id.* ¶ 6) (emphasis added).

- Defendant Jennifer McClendon is the Human Resources Business Partner of the Max M. Fisher College of Business, and she participated in the decision to terminate Plaintiff's employment.

    o Notably, Plaintiff's Third Amended Complaint states that Defendant Jennifer McLendon, "**[u]pon information and belief** participated in the decision to terminate Sullivan's employment." (*Id.* ¶ 7) (emphasis added).

- Defendant William Wattercutter is a Human Resources Consultant Partner of the Max M. Fisher College of Business, and he participated in the decision to terminate Plaintiff's employment.

- In September 2021, Defendant Lount informed Plaintiff that the FCOB Human Resources Department required him to investigate the content of Plaintiff's educational speech and classroom discussions. Defendant Lount completed a phone interview with the Plaintiff at this time.

- In February 2022, Defendant Lount informed Plaintiff that his employment contract would not be renewed.

- In May 2022, Defendant Tepper said to Plaintiff during a final exit discussion, that "Lount did not know what he was doing regarding addressing the issue in a constructive and successful manner." Tepper said, "Lount just fell apart and let HR take over and do whatever they wanted to do."

Plaintiff seemingly cites non-controlling case law for the proposition that these allegations are sufficient to withstand a motion to dismiss "where the Plaintiff alleged that the Defendants

3

were aware of the alleged misconduct and participated in it." (Opposition p. 14, ECF No. 57). Plaintiff's cursory citation is specious, and *Rideout v. Shelby Twp.,* No. 22-11597, 691 F. Supp. 3d 816, 834 (E.D. Mich. 2023) is easily distinguishable from the present case. The plaintiff in *Rideout* filed a civil rights action under § 1983 asserting violations of his First and Fourth Amendment following his arrest after he participated in a series of protests against the Shelby Township Chief of Police. *Id.* at 822. The plaintiff alleged that several individual defendant police officers colluded to fabricate a baseless charge to obtain an arrest warrant against him. *Id.* The police officers moved to dismiss, arguing that the plaintiff failed to plead facts to show their personal involvement in the constitutional violation. *Id.* at 825. The court denied the motion to dismiss, finding that the plaintiff sufficiently alleged the officers' personal involvement in unconstitutional conduct when he alleged:

- Defendant Ermir Villa, along with every other individual Defendant officer, their bosses and Defendant Shelide, at the time that information was presented to the prosecutor and magistrate for obtaining an arrest warrant of Plaintiff, were aware that on July 20, 2020, Plaintiff had sought to cooperate with police officers at the protest, asking for more time to disperse the crowd, which the officer present on the street granted.

- Despite this knowledge of facts that directly contradicted their proposed criminal charge, the individual Defendant police officers, at the direction of their bosses and Defendant Shelide, colluded to omit this information from their presentation of evidence to the prosecutor and magistrate in order to obtain the warrant against Plaintiff.

- Defendant Robert Heisler, who was acting on behalf of his bosses and Defendant Shelide, ordered Defendant Villa to put together charges against Plaintiff.

*Id.*

In the present case, Plaintiff fails to allege or identify any facts from which this Court could plausibly infer more than the *mere* possibility of misconduct. Unsubstantiated allegations that Defendants "participated in" or "approved of" Plaintiff's termination, without more, are insufficient to explain how each Defendant, through their own actions, participated in misconduct

and violated the constitution. *Gardner v. Evans,* 920 F.3d 1038, 1051 (6th Cir. 2019) (quoting *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013)). Plaintiff's attenuated allegations of misconduct are nothing more than "unadorned, the defendant-unlawfully-harmed-me accusations" that do not satisfy Fed. R. Civ. P. 8(a)'s pleading requirement. *Dipasquale v. Hawkins*, 748 Fed. Appx. 688, 695 (6th Cir. Oct. 12, 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)) (internal citation omitted). Thus, Plaintiff's Third Amended Complaint falls short of alleging the requisite personal involvement required to state a claim under § 1983. Accordingly, Defendants request this Court dismiss Plaintiff's Third Amended Complaint in full and with prejudice.

### B. Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983 for retaliation in violation of the First Amendment.

To state a claim for retaliation in violation of the First Amendment under § 1983, Plaintiff must allege that: (1) he engaged in protected conduct; (2) an adverse action was taken against him; and (3) a causal connection – that the adverse action was motivated at least in part by the protected conduct. *Khatri v. Ohio State Univ.*, 2022 U.S. App. LEXIS 2170, at *7 (6th Cir. 2022) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 723 (6th Cir. 2010)). Plaintiff's retaliation claim fails at the first and third prongs.

#### i. Plaintiff's classroom speech did not touch on a matter of public concern.

Speech involves matters of public concern when it can be fairly considered as relating to any matter of political, social, or other concern to the community, or when it is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public." *Buddenberg v. Weisdack*, 939 F.3d 732, 739 (6th Cir. 2019) (quoting *Lane v. Franks*, 573 U.S. 228, 241, 134 S.Ct. 2369, 189 L.Ed.2d 312 (2014)). In determining whether speech is on a matter of public concern, courts examine the content, form, and context of a given statement. *See*

5

*Evans-Marshall v. Bd. of Educ.*, 428 F.3d 223, 229 (6th Cir. 2005) (citing *Hardy v. Jefferson Cmty. Coll.*, 260 F.3d 671, 677 (6th Cir. 2001)).

In his Opposition, Plaintiff claims his "use of a Whitey Bulger quote referencing themes of race undoubtedly addressed a matter of public concern." (Opposition p. 8, ECF No. 57). However, the facts alleged in Plaintiff's Third Amended Complaint do not plausibly establish that Plaintiff's speech touched on a matter of public concern. Plaintiff used the "intentionally provocative and offensive" quote as a tool to help students develop their conversational skills. (Third Am. Compl. ¶ 32, ECF No. 50). Plaintiff claims that he sought to "advance[] educational viewpoints related to the use of 'conversational tools to detoxify conversation and normalize engagement in challenging environments.'" (Opposition p. 9, ECF No. 57).

Plaintiff's use of a crime boss' derogatory racial language as a "conversational tool" in the context and form described in Plaintiff's Third Amended Complaint, did not advance Plaintiff's *own* personal interest or opinion on a matter of public concern. Thus, Plaintiff's classroom speech is not worthy of protection under the First Amendment. *See Hardy v. Jefferson Cmty. College*, 260 F.3d 671, 674 (6th Cir. 2001). Without protected conduct, Plaintiff's retaliation claim fails. Accordingly, Defendants are entitled to dismissal of Plaintiff's retaliation claim asserted against them in their individual capacities.

        ii.    <u>*Despite this Court's warning, Plaintiff fails to plausibly allege that his employment contract was not renewed due to his speech.*</u>

In Plaintiff's Opposition, Plaintiff argues that temporal proximity between his non-renewal and speech suffices to establish a causal connection in this case. (Opposition, pp. 11-12, ECF No. 57). His argument entirely ignores this Court's determination that temporal proximity of five months, without more, is insufficient to establish causation. (Opinion pp. 3-4, ECF No. 48). The

6

only non-conclusory allegations in Plaintiff's Third Amended Complaint that might go to causation are:

- "On or about September 30, 2021, Plaintiff's supervisor Defendant Lount informed him that the FCOB Human Resources Department, required him to investigate the content of Plaintiff's educational speech and classroom discussions." (Third Am. Compl. ¶ 34, ECF No. 50).

- "On or about February 25, 2022, Lount *informed* Plaintiff that Plaintiff's employment contract would not be renewed." (*Id.* ¶ 37) (emphasis added).

- "Defendants knew Plaintiff had engaged in protected speech by sharing his content and viewpoint during his academic work, including in Crucial Conversations and the Bulger material." (*Id.* ¶ 66).

These are the same facts the Court considered when it concluded that Plaintiff's Second Amended Complaint failed to state a claim for retaliation because Plaintiff failed to sufficiently allege causation. (Opinion pp. 3-4, ECF No. 48).

Plaintiff seems to argue that the temporal proximity between the *investigation* and his speech establishes causation. (Opposition p. 12, ECF No. 57). His argument entirely ignores this Court's finding that, to the extent Plaintiff contends the investigation was an adverse action, he fails to state a claim. (Opinion p. 4 fn3, ECF No. 48) ("Even assuming the Investigation could be an adverse action, Plaintiff offers only a generalized, conclusory allegation that Defendants "subjected him" to the Investigation. Sec. Am. Compl.¶ 30, ECF No. 36. Plaintiff offers no factual allegations to support this conclusory allegation and does not allege what role, if any, each Defendant played in the Investigation. *See generally, id*. These conclusory allegations do not plausibly allege that Defendants used the investigation to retaliate against Plaintiff for the Speech.")

In the present case, with regard to the investigation, Plaintiff states, "Defendants, along with, **upon information and belief**, Defendants Unknown University Personnel 1-5, engaged in

7

investigation of Plaintiff's educational speech and classroom discussions." (Third Am. Compl. ¶ 35) (emphasis added). This is a naked assertion devoid of further factual enhancement sufficient to state a claim. Moreover, as this Court previously noted, Plaintiff fails to identify each Defendant's role in the investigation and when the investigation took place. Therefore, Plaintiff fails to plausibly allege that Defendants used the investigation to retaliate against him for the speech.

Notably, Plaintiff was "**CAUTIONED** that, as he has already filed three complaints, this opportunity to amend will be his last." (Opinion p. 6, ECF No. 48) (emphasis in original). Despite notice from this Court and a third opportunity to amend, Plaintiff failed to include new facts to show that his employment contract was not renewed due to his speech. Without causation, Plaintiff's retaliation claim fails. *See Boxill v. O'Grady*, No. 2:16-cv-126, 2018 U.S. Dist. LEXIS 245366, at *27 (S.D. Ohio Mar. 30, 2018) (quoting *Vereecke v. Huron Valley School Dist.*, 609 F.3d 392, 400 (6th Cir. 2010)) (internal citation omitted) ("To adequately plead a causal connection, a plaintiff 'must point to specific, nonconclusory allegations reasonably linking [her] speech to employer discipline.'") Accordingly, Defendants move the Court to dismiss Count II of Plaintiff's Third Amended Complaint.

      C.      **Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983 for content and viewpoint discrimination in violation of the First Amendment.**

In Plaintiff's Opposition, Plaintiff claims, without any factual development or argument, that he sufficiently pled a claim for content and viewpoint discrimination. (Opposition p. 6, ECF No. 57). Plaintiff asserts:

> "In Meriwether, a professor 'advanced a viewpoint on gender identity,' through his refusal to address a student as a woman. *Id.* at 509. In reversing a district court's dismissal of the professor's First Amendment claims, the Sixth Circuit held that public universities 'cannot force professors to avoid controversial viewpoints altogether in deference to a state-mandated orthodoxy,' noting that 'when the state stifles a professor's viewpoints on a matter of public

8

import, much more the professor's rights are at stake.' [ . . . ] Sullivan has properly pled a claim for content and viewpoint discrimination."

(Opposition pp. 6-7, ECF No. 57). Again, Plaintiff's argument ignores this Court's prior conclusion regarding Plaintiff's content and viewpoint discrimination claim. Specifically, this Court previously concluded:

> "Although Plaintiff purports to bring two types of First Amendment claims, both claims are First Amendment retaliation claims. Sec. Am. Comp. ¶¶ 33-59, ECF No. 36. That is, in both claims, Plaintiff alleges Defendants retaliated against him for the speech. *Id.; see id.* ¶ 51 (alleging that Defendants engaged in viewpoint discrimination when 'by retaliating against Plaintiff for expressing educational and instructional speech.')" (Opinion p. 3, ECF No. 48).

Plaintiff's Third Amended Complaint is duplicative and flawed in the same manner as his Second Amended Complaint in that it is based on retaliation and devoid of any allegation that Defendants restricted Plaintiff's speech. Plaintiff alleges that Defendants engaged in content and viewpoint discrimination "by retaliating against Plaintiff for expressing educational and instructional speech." (Third Am. Compl. ¶ 61, ECF No. 50). There is no amplification of this conclusory allegation in Plaintiff's Third Amended Complaint, and it is insufficient to state a plausible claim for content and viewpoint discrimination. *Davis v. Colerain Twp.*, No. 1:19-cv-00455, 551 F. Supp. 3d 812, 818-19 (S.D. Ohio 2021) (citing *Lamb's Chapel v. Ctr. Moriches Union Free Sch. Dist.*, 508 U.S. 384 (1993)) (The crux of a content and viewpoint discrimination claim under the Fourteenth Amendment requires a plaintiff to show that each Defendant restricted his speech "because of [his] viewpoint on a topic.")

Importantly, this Court already determined that this allegation goes to a claim for First Amendment retaliation, not First Amendment content and viewpoint discrimination. Once again, despite notice from this Court and a third opportunity to amend, Plaintiff's Third Amended

Complaint fails to fix the deficiencies contained in his Second Amended Complaint. Accordingly, Defendants move the Court to dismiss Count II of Plaintiff's Third Amended Complaint.

### D. **Defendants, in their individual capacity, are entitled to qualified immunity.**

Each Defendant, in their individual capacity, is entitled to qualified immunity because Plaintiff's Third Amended Complaint fails to allege the violation of a constitutional right that is clearly established. Plaintiff bears the burden of proof to show that each Defendant is not entitled to qualified immunity. *Habich v. Wayne Cnty.,* 2023 U.S. App. LEXIS 8868, at *3 (6th Cir. 2023). Here, with respect to each Defendant, Plaintiff fails to plead, with particularity, their participation in causing a deprivation of his constitutional rights. Indeed, the name of each individual Defendant is noticeably absent in Plaintiff's arguments as how each individual Defendant specifically violated Plaintiff's constitutional rights. *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right.")

Plaintiff attempts to argue that it would be improper for this Court to dismiss his Complaint at the motion to dismiss stage on the basis of qualified immunity. (Opposition p. 14, ECF No. 57). It is true that the Sixth Circuit generally does not look favorably on granting motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015). However, qualified immunity can be asserted in a motion to dismiss. *Smith Land Co. v. City of Fairlawn*, No. 5:21-cv-1848, 2023 U.S. Dist. LEXIS 167923, at *23 (N.D. Ohio Sep. 21, 2023). The U.S. Supreme Court has stressed the importance of courts determining qualified immunity at the earliest possible stage of litigation. *Pearson v. Callahan*, 555 U.S. 223, 231-32, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) ("[W]e have made clear that the 'driving force' behind creation of the

10

qualified immunity doctrine was a desire to ensure that '"insubstantial claims" against government officials [will] be resolved prior to discovery. ") (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 n. 2, 107 S. Ct. 3034, 97 L. Ed. 2d 523, (1987)). "At the pleadings stage, the complaint's factual allegations are taken as true and the court decides whether — based on those facts — the defendant is entitled to qualified immunity." *Smith Land Co.*, at *23. As explained above, Plaintiff's Third Amended Complaint fails to allege how each individual Defendant specifically violated Plaintiff's constitutional rights. Therefore, each Defendant is entitled to qualified immunity against Plaintiff's § 1983 claims asserted against them in their individual capacities.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court dismiss Plaintiff's Third Amended Complaint, in full and with prejudice.

Respectfully submitted,

DAVE YOST (0056290)
Ohio Attorney General

*s/ In Son J. Loving*

IN SON J. LOVING (0084848)
*Trial Counsel*
Senior Assistant Attorney General
DAVID B. STOUFFER (0093972)
Associate Assistant Attorney General
Employment Law Section
615 W. Superior Ave., 11th Floor
Cleveland, Ohio 44113
(614) 644-7257 – Telephone
(614) 752-4677 – Facsimile
ELSReview@OhioAGO.gov

WENDY K. CLARY (0077775)
Principal Assistant Attorney General

        Employment Law Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7257 – Telephone
(614) 752-4677 – Facsimile
ELSReview@OhioAGO.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

This will certify that the foregoing *Defendants Anil Makhija, Robert Lount, Bennett Tepper, Jennifer McLendon, and William Watercutter's Reply in Support of Their Motion to Dismiss Plaintiff's Third Amended Complaint* was filed electronically on September 17, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ In Son J. Loving*

IN SON J. LOVING (0084848)
*Trial Counsel*
Senior Assistant Attorney General